1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6

7    ZURI SANA-KABISA YOUNG,                 Case No. 21-cv-07173-WHO (PR)

         Plaintiff,
8                                            **ORDER OF DISMISSAL**

9         v.

10   KATHLEEN ALLISON, et al.,

         Defendants.
11

12

13                              **INTRODUCTION**

14          Plaintiff Zuri Sana-Kabisa Young is barred from bringing this action *in forma*

15   *pauperis* because he has filed at least three federal actions that were dismissed as frivolous,

16   malicious, or on grounds that they failed to state a claim for relief.  He was ordered to

17   show cause why pauper status should not be barred, but he has filed no response of any

18   kind to the order.  Accordingly, this federal civil rights action is DISMISSED without

19   prejudice to Young bringing his claims in a new paid complaint.

20                              **DISCUSSION**

21          Young, a state prisoner and frequent litigant in federal court, has filed this federal

22   civil rights action under 42 U.S.C. § 1983 along with a motion to proceed *in forma*

23   *pauperis* (IFP) under 28 U.S.C. § 1915.  He was ordered to show cause why the action

24   should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may

25   not bring a civil action IFP "if the prisoner has, on 3 or more prior occasions, while

26   incarcerated or detained in any facility, brought an action or appeal in a court of the United

27   States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

28   claim upon which relief may be granted, unless the prisoner is under imminent danger of

United States District Court
Northern District of California

serious physical injury." (Dkt. No. 10 at 1.) The Order identified six prior federal court actions ("strikes") that appeared to count under section 1915(g) and allowed plaintiff an opportunity to respond, as required by *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005). The Order also informed Young he could avoid dismissal by paying the filing fee by the deadline.

The strikes identified were:

1. *Young v. State of California* (*California 1999*), No. 2:99-cv-01039-DFL-JFM (E.D. Cal. Oct. 7, 1999) (dismissing complaint for failing to state a claim);

2. *Young v. United States Gov't.* (*U.S. Government*), No. 2:02-cv-02940-RT-E (C.D. Cal. Oct. 15, 2002) (adopting findings and recommendations to dismiss complaint for failure to state a claim and as frivolous);

3. *Young v. State of California* (*California 2002*), No. 2:02-cv-09138-FMC-E (C.D. Cal. Feb. 7, 2003) (adopting findings and recommendations to dismiss complaint as barred by *Heck v. Humphrey* (*Heck*), 512 U.S. 477 (1994) (an individual bringing a claim under 42 U.S.C. § 1983 must base the pursuit of damages for an unconstitutional conviction on the reversal or invalidation of the conviction and two defendants were entitled to sovereign immunity on the face of the complaint));

4. *Young v. Sumptner* (*Sumptner*) No. 2:05-cv-03653-CBM-E (C.D. Cal March 30, 2006) (adopting findings and recommendations to dismiss action for failure to file an amended complaint after dismissal with leave to amend; initial dismissal for failure to state a claim);

5. *Young v. Cate* (*Cate*), No. 5:11-cv-02825-EJD (May 30, 2012) (dismissing action for failure to file a second amended complaint after two dismissals with leave to amend; first two dismissals concluded complaint was prolix);

   and

6. *Young v. Voong* (*Voong*), Case No. 1:17-cv-01671-LJO-SAB (E.D. Cal.) (dismissing complaint for failure to state a claim).

Each of these dismissals counts as a strike. As to Young's *California 1999*, *U.S Government*, and *Voong actions*, it is well-established that a dismissal for failure to state a

United States District Court
Northern District of California

claim constitutes a strike.  *See* 28 U.S.C. § 1915(g) (an action "dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted" is a strike); *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011) (same).

As to Young's *California 2002* action, the Ninth Circuit has concluded that a dismissal counts as a strike where an affirmative defense, such as a *Heck* bar, is apparent on the face of the complaint.  *See Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055-57 (9th Cir. 2016); *see also Irby v. Gilbert*, No. 16-35373, 2016 WL 11618605, at *1 (9th Cir. Nov. 14, 2016) (acknowledging this holding).

As to Young's *Sumptner* action, where a plaintiff fails to file an amended complaint after an initial complaint was dismissed with leave to amend, this counts as a strike.  *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (where complaint is dismissed with leave to amend, and prisoner fails to amend, the dismissal counts as a strike).

Finally, as to Young's *Cate* action, the failure to correct a prolix complaint after having been given leave to do so constitutes a strike, as does the failure to amend a complaint after having been given leave to do so.  *See Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013) ("We hold that repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' . . . when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time.") (citation omitted).

Also, the Ninth Circuit has recognized on two occasions that plaintiff has accrued at least three strikes.  *See* Dkt. No. 4, *Young v. Godwin*, Appeal No. 20-16446 (9th Cir. Sept. 17, 2020); Dkt. No. 6, *Young v. Williams*, Appeal No. 19-55513 (9th Cir. Oct. 25, 2019).

Young has not filed any response to the Order to Show Cause.  Young therefore has not shown any reason that the restrictions of section 1915(g) should not be imposed.  He has failed to (i) pay the filing fee; (ii) show that any of the strikes do not qualify under section 1915(g); (iii) show that he qualifies for the imminent danger exception; or (iv) otherwise show cause why this action should not be dismissed.

Young's IFP application is DENIED.  (Dkt. No. 2.)  This federal civil rights action will be dismissed.

## CONCLUSION

This federal civil rights action is DISMISSED without prejudice to Young bringing his claims in a new paid complaint.  His IFP motion is DENIED.  (Dkt. No. 2.)  The Clerk shall terminate all pending motions, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:**  April 15, 2022



WILLIAM H. ORRICK
United States District Judge